IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION


SYRENA JOHNSON                                                         PLAINTIFF


v.                        NO. 3:23-cv-00153-PSH


COMMISSIONER OF THE SOCIAL                                             DEFENDANT
SECURITY ADMINISTRATION


### ORDER

On January 3, 2024, plaintiff Syrena Johnson ("Johnson") filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). See Docket Entry 14. In the motion, she sought $6,321.00 in attorney's fees. The Commissioner of the Social Security Administration ("Commissioner") filed a response to the motion and represented the following: "[a]fter discussions with Plaintiff's counsel, Plaintiff and Defendant have agreed to an award of EAJA fees and expenses in the amount of $5,500.00." See Docket Entry 16 at CM/ECF 1. Based on that agreement, the Court granted Johnson's motion and awarded her attorney's fees under the EAJA in the amount of $5,500.00.

On June 26, 2025, Johnson filed the pending motion for an award of attorney's fees pursuant to 42 U.S.C. 406(b). See Docket Entry 18. In the motion, she sought attorney's fees in the net amount of $14,818.00. The Commissioner filed a response to the motion and neither supported nor opposed counsel's request for attorney's fees under 42 U.S.C. 406(b). The Commissioner did, though, make note of the following concerns:

> When an attorney receives fees under both the Equal Access to Justice Act (EAJA) and 42 U.S.C. 406(b), the attorney must refund the smaller fee awarded to the claimant. [Citation omitted]. Here, instead of refunding the EAJA fees, Plaintiff's counsel asks the Court to subtract (or "net") EAJA fees, such that the 406(b) amount awarded would be $14,818.00, representing the difference between the full 406(b) amount requested ($20,318.00) and the amount of EAJA fees already received ($5,500.00). The Commissioner takes no position on the request to award a netted 406(b) award. However, if the Court agrees to counsel's request to award a net fee rather than require counsel to refund the EAJA fee received previously, the reasonableness determination of the 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset. To ensure consistency, the Commissioner respectfully requests that the Order distinguish between the full amount determined as reasonable under 406(b) and the net amount awarded for payment purpose.
>
> Additionally, the Commissioner requests that the Court specify in its order that any amount it authorizes in 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy. The Commissioner withholds, at most, 25 percent of a claimant's past-due benefits for possible payment of authorized fee awards. However, the benefits withheld is a single pool, from which the Commissioner may direct pay

> attorney's fees for both agency representation (406(a) awards) and court representation (406(b) awards). [Citation omitted]. This means that, after paying fees under 406(a), the remaining withheld funds may be insufficient to directly pay some or all of the 406(b) fees ordered by a court. Ultimately, "Social Security Act fees, whether for services before the [agency] or the court, are the plaintiff's debt and not the government's," [citation omitted], and if the withheld benefits in the Commissioner's possession are "insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past due benefits, to recover the difference." [Citation omitted].
>
> In this case, the Commissioner correctly withheld 25% of Plaintiff's past-due benefits, totaling $20,318.00. It then paid $9,200.00 of this amount to the unrelated attorney who represented Plaintiff before the agency, which leaves $11,118.00 remaining. [Citations omitted]. Because the Commissioner withheld past-due benefits in a manner consistent with the regulations, and properly paid the fee authorized to the unrelated attorney, this Court should direct that payment out of withheld past-due benefits be limited to the $11,118.00 that is remaining in the pool of withheld past-due benefits. Collection of the remainder of any portion of the fee that exceeds this amount is a matter between Plaintiff and counsel. [Citation omitted].

See Docket Entry 21 at CM/ECF 2-3.

Having reviewed the parties' pleadings and exhibits, the Court finds that it would likely benefit from a short reply by Johnson to the Commissioner's response. Johnson is therefore given up to, and including, July 21, 2025, to file a short reply in which she addresses the concerns raised by the Commissioner in the response.

IT IS SO ORDERED this 10th day of July, 2025.

                                                                              UNITED STATES MAGISTRATE JUDGE

Case 3:23-cv-00153-PSH     Document 22     Filed 07/10/25     Page 4 of 4