IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION


SYRENA JOHNSON                                              PLAINTIFF


v.                    NO. 3:23-cv-00153-PSH


COMMISSIONER OF THE SOCIAL                                  DEFENDANT
SECURITY ADMINISTRATION


### ORDER

Nicholas L. Coleman ("Coleman"), the attorney of record for plaintiff Syrena Johnson ("Johnson"), has filed the pending motion for an award of attorney's fees pursuant to 42 U.S.C. 406(b) ("406(b)"). See Docket Entry 18. In the motion, he requested 406(b) attorney's fees in the net amount of $14,818.00. Coleman amended his request in a subsequently filed reply and asked that he be awarded 406(b) attorney's fees in the net amount of $11,118.00. The motion for 406(b) attorney's fees is granted in part and denied in part. Coleman is awarded 406(b) attorney's fees but not in the net amount he requests because even that amount would result in a windfall.

In October of 2018, Johnson applied for disability insurance benefits and supplemental security income payments. Later that month, Johnson retained attorney Jay Scholtens ("Scholtens"). The applications were denied initially and upon reconsideration, and an administrative appeal of the denials followed.

An Administrative Law Judge ("ALJ") conducted a hearing and found that Johnson was not disabled within the meaning of the Social Security Act ("Act"). The ALJ found that Johnson could perform a reduced range of light work and could perform her past relevant work.

Scholtens appealed the ALJ's decision to the Appeals Council. As part of the appeal, Scholtens filed a brief and asked that the decision be vacated, and the case remanded, for reasons that included the following:

> [Johnson] turned 55 on 06/21/18. With a finding of "light" work by the ALJ, [Johnson] should be found disabled pursuant to **Grid Rule 202.06**, if she is unable to perform her past work. All of her past work included semi-skilled work, except for Custodian … This work was described by the Vocational Expert as heavy, which [Johnson] is unable to perform.

See Transcript at 649 (emphasis in original). The Appeals Council vacated the ALJ's decision and remanded the case, primarily because the ALJ failed to properly assess Johnson's residual functional capacity.

2

Upon remand, Scholtens filed a brief and alleged, in part, that Johnson reached a new age classification which resulted in a finding of disability under the Medical-Vocational Guidelines. Specifically, Scholtens observed that Johnson reached "advanced age," and "Grid Rule 202.06 direct[ed] a finding that [she] is disabled even if she is found to possess a residual functional capacity for light work." See Transcript at 678. The ALJ found again, though, that Johnson was not disabled within the meaning of the Act, as she could perform a reduced range of light work and could perform her past relevant work.

Scholtens took an administrative appeal of the ALJ's second decision. The Appeals Council found no reason for reviewing the ALJ's decision and denied a request for review.

Scholtens notified the Commissioner of the Social Security Administration ("Commissioner") in a letter dated July 6, 2023, that Scholtens believed Johnson had a "viable federal appeal," but Scholtens' office was "unable to assist [Johnson] with federal litigation." See Transcript at 2. Johnson thereafter retained Coleman to prosecute a federal court appeal of the Commissioner's decision. On July 10, 2023, they entered into a contract for legal representation in which Johnson agreed that Coleman's attorney fee would be the greater of the following:

3

> 25 (twenty-five) percent of the past-due benefits resulting from [Johnson's] claim and auxiliary beneficiary claims pursuant to 42 U.S.C. 406(b)(1).
>
> OR
>
> The amount of any award ordered pursuant to the Equal Access to Justice Act (EAJA) for hours expended in pursuit of [Johnson's] disability claim(s).

See Docket Entry 18, Exhibit A at CM/ECF 1.

On July 10, 2023, Coleman began this case by filing a motion for leave to proceed in forma pauperis and a two-page complaint. The parties later consented to proceed before a magistrate judge. Coleman sought and obtained two extensions of time to file a brief on Johnson's behalf but never filed a brief. On November 30, 2023, the Commissioner filed an unopposed motion for remand. The motion was granted, the case was remanded, and judgment was entered for Johnson.

Upon remand, the ALJ found that Johnson was "an individual of advanced age on the established disability onset date," and even if she had the residual functional capacity for the full range of light work, a finding of disability would be directed by Medical-Vocational Rule 202.04. See Docket Entry 18, Exhibit B at CM/ECF 12. The ALJ concluded that Johnson is disabled for purposes of the Act and awarded her $81,272.00 in benefits.

On January 3, 2024, Coleman filed a motion for an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"). See Docket Entry 14. In the motion, he sought EAJA fees and expenses in the amount of $6,321.00. Coleman and the Commissioner later entered into an agreement whereby Coleman would be awarded EAJA fees and expenses in the amount of $5,500.00. The Court granted the motion and awarded Coleman EAJA fees and expenses in the amount of $5,500.00.

On June 26, 2025, Coleman filed the pending motion for an award of attorney's fees pursuant to 42 U.S.C. 406(b). See Docket Entry 18. In the motion, he requested 406(b) attorney's fees in the net amount of $14,818.00.[1]

---

[1]   Coleman based his request for $14,818.00 in 406(b) attorney's fees on, in part, the following representations:

> The Notice of Award indicates that the Social Security Administration has withheld $20,318.00, representing 25% of past-due benefits, for payment of attorney fees. …
>
> …
>
> The requested fee of $20,318.00 represents exactly 25% of [Johnson's] past-due benefits and is within the statutory maximum permitted under 42 U.S.C. § 406(b)(1).
>
> [Coleman] requests a net payment of $14,818.00, representing the total 406(b) fee of $20,318.00 minus the previously awarded EAJA fees of $5,500.00.

See Docket Entry 18 at CM/ECF 1.

The Commissioner filed a response to the motion and neither supported nor opposed Coleman's request for 406(b) attorney's fees in the net amount of $14,818.00. The Commissioner did, though, make note of the following:

> ... The Commissioner takes no position on the request to award a netted 406(b) award. However, if the Court agrees to [Coleman's] request to award a net fee rather than require [him] to refund the EAJA fee received previously, the reasonableness determination of the 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset. To ensure consistency, the Commissioner respectfully requests that the Order distinguish between the full amount determined as reasonable under 406(b) and the net amount awarded for payment purpose.
>
> ...
>
> In this case, the Commissioner correctly withheld 25% of [Johnson's] past-due benefits, totaling $20,318.00. It then paid $9,200.00 of this amount to [Scholtens] who represented [Johnson] before the agency, which leaves $11,118.00 remaining. [Citations omitted]. Because the Commissioner withheld past-due benefits in a manner consistent with the regulations, and properly paid the fee authorized to [Scholtens], this Court should direct that payment out of withheld past-due benefits be limited to the $11,118.00 that is remaining in the pool of withheld past-due benefits. Collection of the remainder of any portion of the fee that exceeds this amount is a matter between [Johnson] and [Coleman]. [Citation omitted].

See Docket Entry 21 at CM/ECF 2-3.

Coleman then filed a short reply in which he amended his request for 406(b) attorney's fees. He asked that he be awarded 406(b) attorney's fees in the net amount of $11,118.00, noting the following:

> The Commissioner correctly notes that after payment of $9,200.00 to [Scholtens], only $11,118.00 remains in the pool of withheld benefits. [Coleman] acknowledges this limitation and hereby clarifies that he seeks only the $11,118.00 that remains in the withheld benefits pool. ...
>
> ...
>
> As the Commissioner correctly notes, the reasonableness determination under [section] 406(b) must be based on the full fee amount of $20,318.00, not the net amount after EAJA offset or the limited amount available for direct payment. [Citation omitted]. The full fee of $20,318.00 remains reasonable under Gisbrecht [v. Barnhart, 535 U.S. 789 (2002)] ...

See Docket Entry 23 at CM/ECF at 1-2.

The legal authority governing Coleman's motion for 406(b) attorney's fees is found in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The Court summarized the authority in Kertz v. Kijakazi, No. 4:21-cv-00446-PSH (E.D. Ark. Dec. 18, 2023), Docket Entry 31, aff'd, Kertz v. Colvin, 125 F.4th 1218 (8th Cir. 2025), and will not summarize it again here. It is enough to repeat the following excerpt from Jones v. Berryhill, 699 F. App'x 587, 588 (8th Cir. 2017):

> … while the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. See Gisbrecht v. Barnhart …

Applying the foregoing authority, the motion for 406(b) attorney's fees is granted in part and denied in part. Coleman is awarded 406(b) attorney's fees but not in the net amount he requests.

The Court finds that a valid contract exists between Johnson and Coleman. The contact includes a recognition by Johnson that Coleman is entitled to twenty-five percent of Johnson's past-due benefits. That provision is not unreasonable because it does not exceed the 406(b) maximum. Twenty-five percent of Johnson's past due benefits, $20,318.00, then is the starting point for the Gisbrecht analysis.

The Court recognizes that there is an inherent risk for an attorney representing a social security applicant, a risk that the attorney will not be paid. The Court has no concerns about the quality of Coleman's representation in this case nor the result he achieved, and there was no delay in resolving the case. The Court is troubled, though, by the number of hours he asks to be compensated for and the resulting hourly rate.

Coleman asks to be compensated for 25.8 hours, resulting in an hourly rate of approximately $787.52. The Court is not persuaded that he should be compensated for 25.8 hours and awarded an hourly rate of approximately $787.52. The totality of his federal court representation consisted of filing a motion for leave to proceed in forma pauperis; filing a generic, two-page complaint; signing a consent to proceed; and filing two motions for extension of time to file a brief, a brief he never filed. This case was not complex, and the legal issues were not out of the ordinary. Moreover, the issue that ultimately resulted in Johnson obtaining a fully favorable decision—she reached a new age classification which resulted in a finding of "disabled" under the Medical-Vocational Guidelines—was first raised in Scholtens' administrative brief. Given those factors, and because the benefit is large in comparison to the amount of time Coleman spent on the case, an award of $20,318.00 would result in a windfall.

Coleman recognizes, as he must, that only $11,118.00 remains in the "pool of withheld benefits," see Docket Entry 23 at CM/ECF 1, as Scholtens previously received $9,200.00 from the "pool." For that reason, Coleman requests only the $11,118.00 remaining in the "pool." Interestingly, Coleman does not ask that his request be offset by the $5,500.00 he has already received in EAJA fees and expenses.

Were Coleman awarded $11,118.00 in 406(b) attorney's fees, he would be compensated for 25.8 hours at the hourly rate of approximately $430.00. An hourly rate of $430.00 is not unreasonable as it is consistent with what he was awarded in Kertz v. Kijakazi, No. 4:21-cv-00446-PSH, Docket Entry 31 ($425.00 an hour). Given the factors outlined above, though, the Court is not persuaded that he should be compensated for 25.8 hours because it would also result in a windfall. Of the 25.8 hours, several were devoted to researching and drafting a brief that was never filed. Moreover, the Court again notes that the issue ultimately resulting in Johnson obtaining a fully favorable decision was first raised in Scholtens' administrative brief. Having thoroughly reviewed Coleman's Declaration and Schedule of Hours, the Court finds that he should be, and will be, compensated for twenty hours. Multiplying twenty hours by an hourly rate of $430.00, a reasonable 406(b) attorney's fee in this instance is $8,600.00.

The Commissioner correctly observes that when an attorney is awarded attorney's fees under both the EAJA and 406(b), the attorney must refund the smaller award to the claimant. Here, instead of refunding the EAJA fees and expenses, Coleman asks the Court to subtract, or "net," those fees and expenses. The Court is not opposed to doing so, as the practice has been approved in the past.

It is for the foregoing reasons that the Court hereby orders the following:

(1) The motion for 406(b) attorney's fees is granted in part and denied in part.

(2) A reasonable 406(b) attorney's fee in this instance is $8,600.00, which is arrived at by compensating Coleman for twenty hours at an hourly rate of $430.00.

(3) The award of $8,600.00 is offset by the $5,500.00 he has already received in EAJA fees and expenses, resulting in a net 406(b) attorney's fee in the amount of $3,100.00.

(4) The Commissioner is ordered to pay Coleman the net 406(b) attorney's fee of $3,100.00 and do so out of Johnson's past-due benefits in accordance with agency policy.

IT IS SO ORDERED this 19th day of August, 2025.

_____
UNITED STATES MAGISTRATE JUDGE